# United States Court of Appeals for the Federal Circuit

05-1384

GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Peter S. Herrick, of Miami, Florida, argued for plaintiff-appellant.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director. Of counsel was William Busis, Attorney, Office of General Counsel, Executive Office of The President, Office of the United States Trade Representative.

Appealed from: United States Court of International Trade

Judge Judith M. Barzilay

# United States Court of Appeals for the Federal Circuit

05-1384

GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: July 6, 2006

_____

ON PETITION FOR REHEARING

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

BRYSON, Circuit Judge.

The government has filed a petition for rehearing in this case, seeking clarification of our opinion, reported at 446 F.3d 1271. In our opinion, we ruled that "the evidence of record falls short of establishing that the Trade Representative has determined that resolution of the hormone beef dispute is imminent." Such a determination is a prerequisite for the statutory exception the government sought to invoke in this case. See 19 U.S.C. § 2416(b)(2)(B)(ii)(I). Accordingly, we vacated the trial court's judgment to the extent that the trial court found that the Trade Representative's inaction was excused by the statutory exception.

In its petition, the government asks that we "clarify that, on remand, the scope of the trial court's review is limited to the administrative record developed by the United States Trade Representative." In making that request, the government seems to suggest that evidence in the current administrative record would support a finding that the Trade Representative has made the "imminent resolution" determination that is required by the statutory exception. In fact, the record at present does not support such a finding, which is why we have ordered a remand. As we explained, the only documents offered to the trial court that had any bearing on the applicability of the statutory exception suggested that the Office of the Trade Representative, at various times in the last several years, has manifested its belief that resolution is <u>not</u> imminent. Thus, had we been required to make a final determination based on the current state of the record, there would have been no basis on which we could have concluded that the statutory exception applies. However, because this case reached us on appeal from the trial court's dismissal for failure to state a claim, we concluded that the proper disposition was to remand, thereby allowing the parties and the trial court to inquire whether the Trade Representative has made the required "imminent resolution" determination.

In its petition, the government cites <u>Ammex Inc. v. United States</u>, 341 F. Supp. 2d 1308 (Ct. Int'l Trade 2004), and <u>Camp v. Pitts</u>, 411 U.S. 138 (1973), in support of its contention that the trial court's review is limited to the administrative record and that the trial court must remand to the Office of the Trade Representative for further development of the administrative record if the current record is insufficient to facilitate judicial review. We disagree that such a remand is required under the circumstances of

this case. In <u>Camp</u>, the Supreme Court held that it was improper for a reviewing court to conduct a trial de novo to determine whether an agency's decision was capricious or an abuse of discretion. In such a case, where there is a "failure to explain administrative action as to frustrate effective judicial review," the proper remedy is not to conduct a de novo hearing, but "to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." <u>Camp</u>, 411 U.S. at 142-43. Similarly, in <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 420 (1971), the Supreme Court made clear that where the administrative record does not disclose the reasons for particular administrative action, "it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority and if the Secretary's action was justifiable under the applicable standard."

In this case, our remand did not direct the trial court to conduct de novo review of the Trade Representative's determination. Instead, the question to be resolved on remand is whether the Trade Representative actually made that determination, a straightforward inquiry that would not seem to require a further remand to the agency. Indeed, the government did not previously seem to think the "imminence" issue had to be resolved based only on evidence in the administrative record. In the portion of its original brief directed to that issue the government pointed not to the administrative record but to a publication by the Trade Representative that postdated the administrative proceedings and to a representation made by government counsel at oral argument before the trial court.

If the trial court concludes that the Trade Representative has made the required determination, we agree with the government's underlying contention that the determination is due substantial deference, as we stated in our original opinion. However, if the trial court concludes that the Trade Representative has not made that determination, there is no basis for invoking the statutory exception. We leave it to the trial court's discretion to determine how to conduct the required inquiry. We merely note that, to the extent the government raises the specter of lengthy and burdensome proceedings on remand, that prospect seems unlikely, as the question whether the Trade Representative has made the required determination is a very simple one that would seem to be readily resolvable through a brief and unelaborate proceeding.

The petition for rehearing is denied.