**Slip Op. 06-149**

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                               :

GILDA INDUSTRIES, INC.          :

                              :

        Plaintiff,          :

                              :    Consol. Court. No. 03-00203

        v.             :    Before: Barzilay, Judge

                              :

UNITED STATES,          :

                              :

        Defendant.       :

_____:

[Defendant's motion to dismiss is granted.]

                                      Decided: October 10, 2006

      (*Peter S. Herrick*) for Plaintiff Gilda Industries, Inc.

      *Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director; (*Jeanne E. Davidson*), Deputy Director; (*David S. Silverbrand*), Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *John J. Mahon*, International Trade Field Office, U.S. Department of Justice; *William Busis*, Office of General Counsel, Executive Office of the President, Office of the United States Trade Representative, of counsel, for Defendant United States.

## OPINION

BARZILAY, JUDGE: In this case, on remand from the Court of Appeals from the Federal Circuit, the court must determine whether the United States Trade Representative ("USTR") has complied with the "carousel provision" of 19 U.S.C. § 2416 with respect to its retaliatory duty list, created as a result of the hormone beef dispute between the United States and European Community ("EC"). Pursuant to the statute, the USTR must either undertake a periodic review and revision of the list unless she qualifies for one of two statutory exceptions to this mandate: (1) that the USTR believes that the trade dispute will be resolved imminently or (2) that "the

[USTR] together with the petitioner involved in the initial investigation . . . (or if no petition was filed, the affected United States industry) agree that it is unnecessary to revise the retaliation list." 19 U.S.C. § 2416(b)(2)(B)(ii). Because the court finds that the USTR has met the requirements of the second exception, Defendant's motion to dismiss is granted, and this case is dismissed.

## I. Procedural History

In 1999, the USTR imposed 100 percent *ad valorem* retaliatory duties on a spectrum of EC exports to the United States pursuant to 19 U.S.C. § 2416 in response to the EC's failure to comply with the World Trade Organization Dispute Settlement Body, which found the EC's ban on hormone-treated meat to contravene its trade obligations. *See Implementation of WTO Recommendations Concerning EC – Measures Concerning Meat and Meat Products (Hormones)*, 64 Fed. Reg. 14,486-01 (USTR Mar. 25, 1999). Among the products selected for the retaliatory list were those falling under subheading 9903.02.35, HTSUS, which includes rusks, toasted bread, and similar products. Soon after the implementation of these duties, Congress amended § 2416 to require the USTR to periodically modify its list.

Four years later, Plaintiff Gilda Industries, Inc. ("Gilda"), filed protests with the Bureau of Customs and Border Protection ("Customs") to contest the classification of the toasted bread it imported into the United States from Spain and the imposition of the retaliatory duties on its three related entries. Customs denied the protests. Subsequently, Gilda filed suit in this Court, requesting reliquidation of its entries, a refund of the duties it paid as a result of its products' placement on the retaliation list, and removal of its products from the list. The court dismissed

Gilda's complaint for failure to state a claim upon which relief could be granted.  *See Gilda Indus., Inc. v. United States*, 28 CIT ___, 353 F. Supp. 2d 1364 (2004) ("*Gilda I*").  Gilda appealed.

After affirming most of the holdings in *Gilda I*, the Court of Appeals for the Federal Circuit vacated this court's decision that the USTR had not violated the "review and revise" requirement of § 2416.  Although the USTR claimed that he[1] "'determine[d] that implementation of a recommendation made pursuant to a dispute settlement proceeding [was] imminent,'" *Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1279 (Fed. Cir. 2006) (quoting 19 U.S.C. § 2416(b)(2)(B)(ii)(I)) ("*Gilda II*"), the Court of Appeals wrote that "the applicability of the statutory exception in this case requires consideration of evidence and findings of fact.  The record is insufficient to support the . . . conclusion that [it] applies in this case as a matter of law."  *Id*.

On remand, the court now must determine as a factual matter whether the USTR has fulfilled one of the statutory exceptions in § 2416(b)(2)(B)(ii).  If the USTR demonstrates that a statutory exception applies, Gilda will find no remedy in this suit.  However, if an exception does not apply, "the court [will] consider whether it is appropriate to direct the [USTR] to review and revise the retaliation list."[2]  *Id.* at 1282.  This court has jurisdiction under 19 U.S.C. § 1581(i).

---

[1]From 2001 to 2005, Robert B. Zoellick served as the USTR.  On June 8, 2006, Susan C. Schwab assumed the position.

[2]Irrespective of the outcome of this case, Gilda "is not entitled to a refund of duties paid or removal of its imported products from the retaliation list."  *Id.* at 1283.

## II. Discussion

Defendant maintains that "at this time, the USTR and the domestic industry agree that it is unnecessary to revise the retaliation list" and that, consequently, "the USTR is not required to revise the retaliation list."[3]  Def.'s Resp. Pl.'s Br. Remand Issues 3 (citing 19 U.S.C. § 2416(b)(2)(B)(ii)(II)).  To support its contention, Defendant has submitted letters from the president/CEO of the U.S. Meat Export Federation ("USMEF"),[4] counsel for the National Cattlemen's and Beef Association ("NCBA"),[5] and the USTR.[6]  *See*  Def.'s Resp. Pl.'s Br. Remand Issues Exs. A & B.  The USMEF and its members state that they "consider it unnecessary at this time to revise the retaliation list in the case of *EC Measures Concerning Meat and Meat Products (Hormones), AB-1997-4*."  Def.'s Resp. Pl.'s Br. Remand Issues Ex. A. NCBA also contends that "it is unnecessary to revise the retaliation list."  Def.'s Resp. Pl.'s Br. Remand Issues Ex. A.  Furthermore, the USTR has determined that because "industry associations representing substantially all of the United States beef-producing industry . . . do not believe it is necessary to revise the retaliation list at this time," pursuant to § 2416(b)(2)(B)(ii)(II), he "agree[s] with the affected U.S. industry that it is unnecessary to

---

[3]Although Defendant originally placed the USTR's imminence determination at center of its argument, the parties raised both possible exceptions to § 2416(b)(2)(B) during oral arguments.  *See* Tr. 8–10.

[4]USMEF is a non-profit trade association that represents the export interests of the U.S. beef, pork, and lamb industries.

[5]NCBA is the primary association representing U.S. cattle and beef producers.

[6]While factual determinations in this case would normally be confined to the administrative record, because the current record proves inadequate, the court may "'obtain from the agency . . . additional explanation of the reasons for the agency decision as may prove necessary.'" *Gilda Indus., Inc. v. United States*, 453 F.3d 1362, 1363 (Fed. Cir. 2006) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)).

revise the retaliation list" in question.  Def.'s Resp. Pl.'s Br. Remand Issues Ex. B.

From the documentation produced, the court concludes that Defendant has met the requirements of the carousel provision exemption delineated in 19 U.S.C. § 2416(b)(2)(B)(ii)(II). Further, because the USTR's determination in this matter receives "substantial deference," *Gilda Indus., Inc. v. United States*, 453 F.3d 1362, 1364 (Fed. Cir. 2006), Plaintiff's challenge must fail, as "there is no remedy available to Gilda in this suit."  *Gilda II*, 446 F.3d at 1282. Defendant's motion to dismiss is granted.  Judgment will be entered accordingly.


      October 10, 2006                      /s/ Judith M. Barzilay

Dated:_____           _____

      New York, NY                           Judge

<u>ERRATUM</u>

Please make the following changes to *Gilda Indus., Inc. v. United States*, Court No. 03-00203, Slip. Op. 06-149 (CIT Oct. 10, 2006).

Page 3:        In the last sentence on the page, replace "19" with "28."

        October 11, 2006